IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VOLTSTAR TECHNOLOGIES, INC. | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. _____ |
| v. | § | |
| | § | |
| AT&T, INC., AT&T OPERATIONS, INC., | § | |
| AT&T MOBILITY, LLC., AT&T MOBILITY | § | |
| II, LLC, NEW CINGULAR WIRELESS | § | |
| SERVICES, INC., AND SOUTHWESTERN | § | |
| BELL TELEPHONE COMPANY | § | |
| | § | |
| Defendants | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff VoltStar Technologies, Inc. respectfully files this Original Complaint for patent infringement against Defendants AT&T, Inc., AT&T Operations, Inc., AT&T Mobility, LLC, AT&T Mobility II, LLC, New Cingular Wireless Services, Inc., and Southwestern Bell Telephone Company (collectively, "AT&T").

## PARTIES

1. Plaintiff VoltStar Technologies, Inc. ("VoltStar") is an Illinois corporation with its principal place of business at 1320 Tower Road, Schaumberg, Illinois, 60173.

2. Defendant AT&T, Inc. is a Delaware corporation and has its principal place of business in Dallas, Texas. AT&T, Inc. may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE, 19801.

3. Defendant AT&T Operations, Inc. is a Delaware corporation and has its principal place of business in San Antonio, Texas. Defendant AT&T Operations, Inc. is a wholly-owned

1

subsidiary of AT&T, Inc.  AT&T Operations may be served with process through its registered agent, C T Corporation System, 350 N. St. Paul St., Ste 2900, Dallas, TX 75201-4234.

4. Defendant AT&T Mobility, LLC is a wholly-owned subsidiary of AT&T, Inc. and has its principal place of business in Atlanta, Georgia.  Because of its parent's citizenship, AT&T Mobility is a citizen of Texas.  AT&T Mobility may be served with process through its registered agent, C T Corporation System, 350 N. St. Paul St., Ste 2900, Dallas, TX 75201-4234.

5. Defendant AT&T Mobility II, LLC is a wholly-owned subsidiary of AT&T, Inc. and has its principal place of business in Atlanta, Georgia.  Because of its parent's citizenship, AT&T Mobility II is a citizen of Texas.  AT&T Mobility II may be served with process through registered agent, C T Corporation System, 350 N. St. Paul St., Ste 2900, Dallas, TX 75201-4234.

6. Defendant New Cingular Wireless Services, Inc is a Delaware corporation with its principal places of business in Atlanta, Georgia and Redmond, Washington.  New Cingular Wireless Services is a wholly-owned subsidiary of AT&T, Inc.  New Cingular Wireless Services may be served with process through its registered agent, C T Corporation System, 350 N. St. Paul St., Ste 2900, Dallas, TX 75201-4234.

7. Defendant Southwestern Bell Telephone Company is a Missouri Corporation with its principal place of business in Dallas, Texas.  Southwestern Bell is a wholly-owned subsidiary of AT&T, Inc.  Southwestern Bell may be served with process through its registered agent, C T Corporation System, 350 N. St. Paul St., Ste 2900, Dallas, TX 75201-4234.

## JURISDICTION AND VENUE

8. This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 271, *et seq*.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b).

## FACTS

11. VoltStar is an innovative supplier of patented, environmentally-friendly battery chargers sold throughout the United States.

12. VoltStar developed a charger that automatically shuts off when a device is fully charged or not plugged in, eliminating "vampire" load. This feature reduces power consumption and extends battery life.

13. VoltStart was the first supplier to offer a "zero draw" charger that eliminates vampire load.

14. On March 22, 2011, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,910,833 (the '833 patent), entitled "Energy-Saving Power Adapter/Charger."

15. VoltStar holds all right, title, and interest in and to the '833 patent (a true and correct copy of which is attached hereto as Exhibit A).

16. On June 14, 2011, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,960,648 (the '648 patent), entitled "Energy Saving Cable Assemblies."

17. VoltStar holds all right, title, and interest in and to the '648 patent (a true and correct copy of which is attached hereto as Exhibit B).

18.     Defendants make, use, sell, offer for sale and import products and services that infringe the '833 and '648 patents and engage in these infringing activities in the Eastern District of Texas.

19.     Among other things, Defendants make, use, sell, offer for sale, and import the AT&T ZERO Charger, which infringes the '833 and '648 patents.

20.     Defendants also contribute to and induce infringement of the '833 and '648 patents by, among other things, instructing and directing infringers of these patents and by knowingly making, using, selling, offering for sale, and importing component parts that are especially made and/or adapted for infringing uses.

## CAUSES OF ACTION

**A.     Infringement of the '833 Patent**

21.     VoltStar incorporates the foregoing paragraphs as if fully set forth here.

22.     Defendants have been, and are now, directly infringing and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '833 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing products and services covered by one or more claims of the '833 patent, all to the injury of VoltStar.

23.     Defendants' acts of infringement have been willful, deliberate, and in reckless disregard of VoltStar's patent rights, and will continue unless permanently enjoined by this Court.

24.     VoltStar has been damaged by Defendants' infringement of the '833 patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless Defendants are permanently enjoined from infringing the '833 patent.

B.     **Infringement of the '648 Patent**

25.    VoltStar incorporates the foregoing paragraphs as if fully set forth here.

26.    Defendants have been, and are now, directly infringing and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '648 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing products and services covered by one or more claims of the '648 patent, all to the injury of VoltStar.

27.    Defendants' acts of infringement have been willful, deliberate, and in reckless disregard of VoltStar's patent rights, and will continue unless permanently enjoined by this Court.

28.    VoltStar has been damaged by Defendants' infringement of the '648 patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless Defendants are permanently enjoined from infringing the '648 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff VoltStar Technologies, Inc. pray for the following relief against Defendants AT&T, Inc., AT&T Operations, Inc., AT&T Mobility, LLC, AT&T Mobility II, LLC, New Cingular Wireless Services, Inc., and Southwestern Bell Telephone Company.

A.     A judgment in favor of Plaintiff that Defendants have infringed, directly and indirectly by way of inducing infringement and/or contributing to the infringement of the '648 and '833 patents;

B.     A permanent injunction, enjoining Defendants along with their officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, and parents from

infringing, inducing the infringement of, or contributing to the infringement of the '648 and '833 patents;

    C.    A judgment and order requiring Defendants to pay Plaintiff damages for their infringement of the '648 and '833 patents, together with interest (both pre- and post-judgment), costs and disbursements as fixed by this Court under 35 U.S.C. § 284;

    D.    A judgment and order finding Defendants' infringement willful and awarding treble the amount of damages and losses sustained by Plaintiff as a result of Defendants' infringement under 35 U.S.C. § 284;

    E.    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

    F.    Such other and further relief in law or in equity to which Plaintiff may be justly entitled.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of any and all issues triable of right before a jury.

Respectfully submitted,


*/s/ Andrew W. Spangler*
Andrew W. Spangler
Spangler Law P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
Telephone: 903-753-9300
Facsimile: 903-553-0403

Steven J. Mitby
AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING, P.C.
Fed. I.D. No. 33591
State Bar No. 27037123
1221 McKinney Street, Suite 3460
Houston, Texas 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062

ATTORNEYS FOR PLAINTIFF